**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

VIVEK SHAH,                                                                                PLAINTIFF
REG. #43205-424

v.                                              4:15CV00046-JTK

CHARLES E. SAMUELS, JR., et al.                                          DEFENDANTS

<u>**MEMORANDUM AND ORDER**</u>

**I.      Introduction**

Plaintiff Vivek Shah is a federal inmate incarcerated at the Lexington Federal Medical Center

(FMC), Lexington, Kentucky.  While incarcerated at the Federal Correctional Institution (FCI),

Forrest City, Arkansas, he filed this action pursuant to <u>Bivens v. Six Unknown Named Agents</u>, 403

U.S. 388 (1971), the Administrative Procedure Act, 5 U.S.C. § 701 et seq., and the Declaratory

Judgment Act, 28 U.S.C. § 201, seeking declaratory and injunctive relief challenging his

classification. (Doc. No. 1) He names as Defendants the United States of America, and Charles

Samuels and Jose Santana, in their official capacities.

Pending before the Court is the Defendants' Motion to Dismiss (Doc. No. 29), which this

Court converted to a Motion for Summary Judgment by Order dated May 13, 2015 (Doc. No. 55).[1]

Following a short stay of these proceedings while Plaintiff was transported to the FMC, the parties

submitted additional briefs in support of their respective positions (Doc. Nos. 63, 76).

**II.      Complaint**

On September 11, 2013, Plaintiff was sentenced to 87 months' imprisonment for transmitting

threats with intent to extort in interstate commerce, and mailing threatening communications,

---

[1]Plaintiff filed a Response to the Motion to Dismiss (Doc. No. 37), Defendants filed a
Reply (Doc. No. 42), and Plaintiff filed a Sur-Reply (Doc. No. 51).

in violation of 18 U.S.C. §§ 875, 876.  (Doc. No. 1, p. 3) He was transported to FCI, Forrest City, where he underwent a custody/classification review. (Id.)  At that review, Plaintiff was classified as a low security risk due to his offense conduct, although according to the Bureau of Prison's (BOP) Program Statement P5100.08, he should have been classified as a minimum security risk. (Id.)  In classifying Plaintiff as a low security risk (higher than minimum) Plaintiff's case manager, Michael Danaher, applied for a Management Variable (MGTV), which allows staff to ensure an inmate's placement in the most appropriate level institution when placement is initially made at a level inconsistent with the inmate's security score.  (Id., p. 4, citing P5100.08)

Danaher's decision to apply for the MGTV in Plaintiff's case was based on the fact that Plaintiff's offense involved mailing a series of threatening letters to various wealthy and prominent individuals,which contained threats of death to a family member unless the recipient paid a sum of money. (Id., p. 5) Although Plaintiff provided Danaher reliable sources of information that showed he was not a greater security risk, together with the government's statement in Plaintiff's sentencing memorandum that Plaintiff did not form the intent to physically harm or kill anyone, but intended only to frighten his victims, Danaher applied for the MGTV.  (Id.)  Plaintiff complained about the application of the variable by filing an administrative remedy (grievance)with the Warden, which was rejected, as were his appeals to the regional and central offices of the BOP.  (Id., p. 6)

Plaintiff claims that if the greater security MGTV is removed, he would be classified as minimum security and as "out and community," which would permit him to work outside of the institution, in community-based programs, at off-site public works or volunteer community service projects, and eligible for furloughs and other liberties.  (Id., p. 7)  Presently, however, Plaintiff is classified as low security with a classification of "in."  (Id.)

Pursuant to the APA, Plaintiff challenges the application of the MGTV to raise his

classification levels, claiming the action was unjustified, unwarranted and unreasonable.  (Id., p. 9)

He also claims the APA is unconstitutional and that the application of the MGTV violated his First

Amendment right to access to the courts, and the Tenth Amendment.

## III.    Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that

there is no genuine issue of material fact and the moving party is entitled to judgment as a matter

of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears

the  initial  burden  of  identifying  'those  portions  of  the  pleadings,  depositions,  answers  to

interrogatories,  and  admissions  on  file,  together  with  the  affidavits,  if  any,  which  it  believes

demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d

1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other

citations omitted)).   "Once the moving party has met this burden, the non-moving party cannot

simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth

specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.  Although the facts are

viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary

judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine

dispute over those facts that could actually affect the outcome of the lawsuit."  Id.

### A.    Declaratory Judgment Act/Bivens

Initially, the Court notes, and Plaintiff agreed in his Response to Defendants' Motion to

Dismiss (Doc. No. 37), that the Declaratory Judgment Act does not confer subject matter jurisdiction

over Plaintiff's complaint, and provides a remedy only where jurisdiction already exists.  28 U.S.C.

§§ 2201-2202;  Missouri v. Cuffley, 112 F.3d 1332, 1334 (8th Cir. 1997).  In addition, Plaintiff

cannot maintain a Bivens action in this case because a Bivens action cannot be brought against the

United States, its agencies, or its government officials who are sued in their official capacities. FDIC v. Meyer, 510 U.S. 471, 484-6 (1994).  In this case, Plaintiff sued Defendants Samuels and Santana in their official capacities only.  (Doc. No. 1, p. 2)

**B.     APA**

**1.     Subject matter jurisdiction**

The APA contains the government's consent to suit for actions for relief other than money damages, providing that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.  The APA precludes judicial review, however, "when review is precluded by statute, or 'committed to agency discretion by law.'" Heckler v. Chaney, 470 U.S. 821, 826 (1985).

Decisions made by the BOP concerning imprisonment of prisoners are made pursuant to 18 U.S.C. §§ 3621, which provides in part as follows:

> (b) Place of imprisonment. - - The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering - -
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence - -
>
> . . .
>
> (5) any pertinent policy statement issued by the Sentencing Commission ....

4

18 U.S.C. § 3621.  However, judicial review of Bureau decisions made pursuant to 18 U.S.C. §§ 3621-3624 are precluded by 18 U.S.C. § 3625, which provides, "[t]he provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code [APA] do not apply to the making of any determination, decision, or order under this subchapter."  Therefore, Defendants state that this Court lacks jurisdiction over Plaintiff's challenge to the decision to classify him as "low," rather than "minimum."

However, Plaintiff claims that his classification actually was determined under 18 U.S.C. § 4081, which provides as follows:

> The Federal penal and correctional institutions shall be so planned and limited in size as to facilitate the development of an integrated system which will assure the proper classification and segregation of Federal prisoners according to the nature of the offenses committed, the character and mental condition of the prisoners, and such other factors as should be considered in providing an individualized system of discipline, care, and treatment of the persons committed to such institutions.

Plaintiff claims that 18 U.S.C. § 3625 does not apply to this section and that judicial review therefore is appropriate.

Defendants counter that classification of inmates as to security and custody level is interrelated with place-of-imprisonment decisions, and note that the BOP Inmate Security Designation & Custody Classification which was used in this particular case, PS 5100.08, specifically refers to 18 U.S.C. § 3621(b):

> The classification of inmates is necessary to place each inmate in the most appropriate security level institution that also meets their program needs and is consistent with the Bureau's mission to protect society ... The Bureau's classification, designation and redesignation procedures are consistent with the statutory authority contained in 18 U.S.C. § 3621(b)....

PS 5100.08 (Doc. No. 76-1, p. 5) Defendants also rely on case law holding that judicial review of security classifications of BOP inmates is barred by 18 U.S.C. § 3625.  See Brown v. Holder, 770

F.Supp.2d 363, 365 (D.C.D.C. 2011); <u>Miller v. Federal Bureau of Prisons</u>, 703 F.Supp.2d 8, 16 (D.C.D.C. 2010); <u>Perez v. Lappin</u>, 672 F.Supp.2d 35, 40, 43-44 (D.C.D.C. 2009).  Defendants also rely on <u>Aldaco v. Holder</u>, where a MGTV was applied to an inmates' security classification because of his failure to appear for sentencing.  2011 WL 825624 (D.Minn. 2011).  In addressing the inmate's challenge to the BOP decision, the court held that "[j]udicial review of agency actions made pursuant to 18 U.S.C. § 3621, including actions made under P.S. 5100.08, is foreclosed under 18 U.S.C. § 3625."  <u>Id</u>. *11.

Defendants further explain the classification decision at issue here, in the Declaration of Michael Danaher, case manager at FCI, Forrest City. (Doc. No. 76-1, pp. 1-3)[2] According to Danaher, "a greater security management variable may be applied when there are 'security concerns which are not adequately reflected in the classification scheme,' and when an inmate represents a greater security risk than his assigned security level." (<u>Id</u>., p. 2, quoting P.S. 5100.08) BOP institutions are classified into five security levels – minimum, low, medium, high, and administrative – based on the level of security and staff supervision provided by the institution. (<u>Id</u>.) In addition, an inmate's custody classification is determined by criminal history, institutional behavior, and adjustment, and consists of four levels – community, out, in, and maximum. (<u>Id</u>.) Danaher stated that Plaintiff's original custody classification was "out," but that he and other members of a "Unit team" determined that Plaintiff's offense (extortion letters)[3] and prior history (battery/domestic

---

[2]These facts are not disputed by Plaintiff.

[3]<u>See</u> Doc. No. 76-2, pp. 66-73.  These are examples of the "Extortion Notice(s)" Plaintiff sent to numerous individuals.  Each notice begins as follows: "[I]f you follow the instructions, then you can take this notice lightly.  If you don't then expect at least one person dead in the next one year.  It could either be [specific names listed] or any other close relative."  The notice then includes an amount of money sought, a deadline, and further instructions.  It ends with the following, "Good luck, and remember - rage is understandable, ignorance is not."

violence charge) warranted a MGTV (variable) because they suggested a threat of violence not appropriately addressed by a classification of "minimum out."  (Id., pp. 3, 75)  Danaher's request for the MGTV was approved by the Designation and Sentence Computation Center.  (Id., p. 3)

In response, Plaintiff cites Royer v. Federal Bureau of Prisons, where the court held that an inmate could challenge the constitutionality of his conditions of confinement based on the BOP's label of him as a "terrorist inmate" because the decision to classify him was made a least in part pursuant to 18 U.S.C. § 4081, and therefore, not precluded from review by 18 U.S.C. § 3625.  933 F.Supp.2d 170, 181 (D.D.C. 2013).

Having reviewed the parties' arguments and submissions,  and the statutory and case law set forth therein, the Court finds as a matter of law that review of the decision to classify Plaintiff as a "minimum" security inmate, including the application of the MGTV, is precluded by 18 U.S.C. § 3625.  This case is quite similar to Aldaco v. Holder (noted above), where the inmate challenged the application of a MGTV, which resulted in his placement in a higher security institution.  2011 WL 825624.  The court noted that 18 U.S.C. §3621(b) "vests the BOP with broad discretionary authority as to a prisoner's classification," and that PS 5100.08 requires the BOP to use "professional judgment" when deciding security classifications, thus granting prison administrators wide discretion "when classifying inmates."  Id.  *6.   In citing several cases in support, the court in Brown v. Holder stated that 18 U.S.C. § 3625 applies to "cases in which federal inmates are challenging their security classifications and facility designations." 770 F.Supp.2d 363, 365 (D.D.C. 2011)

This Court also finds the current case to be distinguishable from Royer, relied on by Plaintiff, because the Court in Royer noted that the BOP admitted classifying Royer pursuant to 18 U.S.C. § 4081, and because Royer did not appear to involve the application of a MGTV pursuant to BOP PS

5100.08. 933 F.Supp.2d at 181. Therefore, this Court lacks subject matter jurisdiction to review the decision to classify Plaintiff.[4]

## 2.       Constitutionality/Ultra Vires

Defendants also ask the Court to dismiss Plaintiff's allegations that 18 U.S.C. § 3625, which precludes judicial review of BOP classification decisions, is unconstitutional as violative of his First Amendment right to access to the courts, and the Tenth Amendment.  Plaintiff in turns argues that the variable is unconstitutional because it is not necessary and proper and is inconsistent with the letter and spirit of the constitution.  In addition, he claims 18 U.S.C. § 3625 is contrary to the constitution because the government cannot exercise power not necessarily granted to it.

However, as noted by Defendants, Congress has the power to preclude judicial review of agency decisions.  Barlow v. Collins, 397 U.S. 159, 165-167 (1970); Holley v. U.S., 352 F.Supp. 175, 176 (1972).  In addition, "[t]he federal courts have repeatedly stated that when Congress creates new rights in an individual (as opposed to fundamental, Constitutional rights) it is under no obligation to provide a remedy through the Courts, but may provide an administrative remedy."  Taylor v. U.S., 379 F.Supp. 642, 649 (W.D. Ark. 1974).  And, the court in Martin v. Gelinski noted that "§ 3625 precludes judicial review of agency adjudicative decisions."  133 F.3d 1076, 1079 (8th Cir. 1998).

In this case, it is clear, and Plaintiff does not dispute, that he was provided an administrative remedy to object to the application of the variable.  (Doc. No. 76-2, pp. 82-84) In addition, he was not denied his access to the court right because he was permitted to file this lawsuit challenging the decision.  The fact that he has not been successful does not mean he was denied the opportunity to

---

[4]In light of such, the Court will not address Plaintiff's arguments that the decision was arbitrary, capricious, or an abuse of discretion.

litigate his claim.  See Lewis v. Casey, 518 U.S. 343 (1996).  Therefore, the Court finds no violation of Plaintiff's First Amendment right of access to the courts.

In addition, the Court finds no violation of the Tenth Amendment.  Congress enacted 18 U.S.C. § 3621 and provided that persons convicted of federal crimes shall be committed to custody of the BOP, which can designate the place of confinement.  See also 28 C.F.R. § 0.96, which provides that:

> [t]he Director of the Bureau of Prisons is authorized to exercise or perform any of the authority, functions, or duties conferred or imposed upon the Attorney General by any law relating to the commitment, control, or treatment of persons ... charged with or convicted of offenses against the United States, including the taking of final action in the following-described matters:
> ....
>
> (c) Designating places of imprisonment or confinement where the sentences of prisoners shall be served and ordering transfers from one institution to another....

The only support Plaintiff provides for his argument that the BOP had no authority to apply the MGTV in his case is his contention that he never intended to harm anyone and thus, there was no security threat to support application of the variable.  The Court finds this is insufficient to support a finding that the application of the variable violates the Tenth Amendment.  Finally, since this Court finds no constitutional violation, the Court cannot find that Defendants' actions in applying the MGTV were ultra vires, or in violation of the constitution or federal law.

**IV.    Conclusion**

IT IS, THEREFORE, ORDERED that:

1.    Defendants' Motion to Dismiss, which this Court converted to a Motion for Summary Judgment (Doc. No. 29), is GRANTED.

2.    Plaintiff's complaint is DISMISSED with prejudice.

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 17th day of August, 2015.

_____

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE